**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERMAN CASTANEDA,** | : | CIVIL NO.  3:15-cv-1336 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **YORK COUNTY PRISON,** | : | |
| **PRIMECARE MEDICAL, INC.,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

German Castaneda ("plaintiff" or "Castaneda"), at all relevant times, an inmate incarcerated at the York County Prison, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants the York County Prison and PrimeCare Medical, Inc.  (Doc. 1).  Castaneda seeks to proceed *in forma pauperis*. (Docs. 2, 5).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if it determines that (B) the action  . . . (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. §1915(e)(2)(B)(ii).  For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.**     **Standards of Review**

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted "  28 U.S.C. §1915(e)(2)(B)(ii).  The standard for reviewing a complaint under this section is

the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.     Allegations of the Complaint

Castaneda alleges that on May 16, 2015, while incarcerated at the York County Prison, he slipped and fell in standing water on his way to the North Block shower and injured his right leg. (Doc. 1, p.4). He was placed in a wheelchair and taken to the medical department. (Id.) A nurse examined his leg and indicated that it was bruised. (Id.) On that day, and the next several days, he was treated with ice and pain killers. (Id.) He continued to complain of pain and requested to see a doctor. (Id.)

On May 21, 2015, a physician's assistant re-examined the leg. (Id.) She indicated that the leg may be broken and ordered an X-ray. (Id.) The X-ray, which was taken the following day, confirmed that the leg was broken. (Id.) Plaintiff was taken to Apple Hill Medical Center where a doctor applied a hard cast, prescribed Motrin, and fit him with crutches. (Id.) Thereafter, he was returned to the York County Prison.

Plaintiff alleges that the York County Prison maintenance staff is negligent in failing to identify, report and maintain a safe structure. He also alleges that the medical treatment at York County "is not up to code or procedure." (Id. at 5). He is requesting that the damaged shower stalls in North Block be repaired and is seeking medical treatment from a non-York County doctor.

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

Castaneda names the York County Prison.  However, a county jail is not a proper defendant in a § 1983 action because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.)  The complaint against this defendant is subject to dismissal.

Castaneda attempts to establish liability against PrimeCare on the basis that it employs members of the York County Prison medical staff.  To establish a viable § 1983 claim against a private corporate entity such as PrimeCare, a plaintiff must allege that the entity had a policy, practice, or custom which caused injury to the plaintiff.  See Adonai-Adoni v. King, No. 07-3689, 2009 WL 890683, at *2 (E.D.Pa.2009) (noting that

4

a private medical provider can only be liable under § 1983 if the claim rests "upon some policy, practice or custom"); see also Carpenter v. Kloptoski, No. 08-cv-2233, 2010 WL 891825, at *8 (finding that a § 1983 claim against a private medical service based solely on the premise that it was responsible for providing health care is subject to dismissal).

Castaneda alleges that he received inadequate medical treatment for his broken leg. However, his complaint is devoid of any facts demonstrating that any perceived deficiency in his medical treatment was the result of PrimeCare's policies, customs, or practices. Accordingly, the § 1983 claim against PrimeCare is subject to dismissal.

### IV. Leave to Amend

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80–81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.1 970); I–Keim Smith v. Lt. J. Price, No. 11–1581, 2012 WL 1068159, at *5 (M.D.Pa. Mar. 5, 2012). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Although the action will

be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), plaintiff will be afforded the opportunity to amend his complaint.

## V. Conclusion

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  However, plaintiff will be afforded the opportunity to amend.

An appropriate order follows.

                                        **BY THE COURT:**

                                        **s/James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

Dated:	February   19, 2016